## VOWINCKEL v. SUTHERLAND, Alien Property Custodian.

Circuit Court of Appeals, Ninth Circuit.
January 23, 1928.

No. 5231.

War ⊂⊃12—Alien Property Custodian cannot deduct from fund recovered by claimant expenses incurred in making unsuccessful defense to suit (Trading with the Enemy Act, § 9, as amended by Act March 4, 1923, § 1, and § 24, as added by § 2 of Act 1923 [Comp. St. §§ 3115½e, 3115½o]).

Authority given to the Alien Property Custodian by Trading with the Enemy Act, § 9, as amended by Act March 4, 1923, § 1, and section 24, as added by section 2 of the Act of 1923 (Comp. St. §§ 3115½e, 3115½o), to pay from property in his custody taxes levied thereon and necessary expenses incurred in protecting or administering the same, even though suit may have been instituted by a claimant for its recovery, does not authorize him to deduct from a fund for which the claimant has recovered a decree expenses incurred in making an unsuccessful defense to the suit.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Suit in equity by F. W. Vowinckel against Howard Sutherland, as Alien Property Custodian. From an order of the District Court, complainant appeals. Reversed and remanded.

A. P. Black, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., George R. Farnum, Asst. Atty. Gen., and Dean Hill Stanley and P. H. Marcum, Sp. Asst. Attys. Gen., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The appellant heretofore brought suit against the Alien Property Custodian and others to establish his right and title to certain real and personal property seized by the Custodian under the Trading with the Enemy Act, 40 Stat. 411 (Comp. St. §§ 3115½a–3115½j). On the original hearing in the court below a motion to dismiss the complaint was granted, but on appeal to this court the decree of dismissal was reversed. Vowinckel v. First Federal Trust Co., 10 F.(2d) 19. Upon a retrial after the case was remanded a decree was entered in favor of the appellant for the return of the property so seized by the Custodian, with a strict account of all such property. 15 F.(2d) 872. The Custodian complied with the decree thus entered by returning to the appellant all property in his custody, after deducting certain expenses incurred by the Department of Justice in resisting the former appeal to this court, amounting in all to the sum of $759.09. The items deducted were as follows: "(1) Expenses of Deputy Attorney General C. W. McClean, for coming to San Francisco from Washington to argue the case in the Circuit Court of Appeals, amounting to $617.99. (2) The government printer, $94.90. (3) Department of Justice expenses, $46.20."

The appellant thereupon filed an affidavit in the court below, setting forth the failure of the Custodian to fully comply with the terms of the decree, and praying for an order requiring him to show cause why the amount so deducted and withheld should not be returned to the affiant. The order to show cause was granted, but was later discharged, and the application therefor dismissed on the motion of the Custodian. From the order of dismissal this appeal is prosecuted.

The deductions complained of were made under section 24 of the Act of March 4, 1923, 42 Stat. 1516 (Comp. St. § 3115½o), which authorizes the Custodian to pay all taxes and special assessments heretofore or hereafter lawfully authorized by any body politic against any money or other property held by him or by the Treasurer of the United States. "and to pay the necessary expenses incurred by him or by any depositary for him in securing the possession, collection, or control of any such money or other property, or in protecting or administering the same."

The principal question involved is the right of the Alien Property Custodian to deduct from the funds in his hands expenses incurred by the United States in the unsuccessful defense of a suit brought against the Custodian by a successful claimant.

Section 9 of the Trading with the Enemy Act, as amended by the Act of March 4, 1923, supra (42 Stat. 1511 [Comp. St. § 3115½e]), provides that, if the claimant establishes the interest, right, title, or debt claimed by him, the court shall order the payment, conveyance, transfer, assignment, or delivery to the claimant of the money or other property so held by the Alien Property Custodian, or by the Treasurer of the United States, or the interest therein to which the court shall determine the claimant is entitled, and if suit is instituted the money and property shall be retained in the custody of the Alien Property Custodian, or in the Treasury of the United States, as provided by the act, and until any final judgment or decree which shall be entered in favor of the claimant shall be fully satisfied by payment or conveyance, transfer, or assignment, or delivery by the defendant, or by the Alien Property Custodian, or Treasurer of the United States, on order of the court, or until final judgment or decree shall be entered against the claimant or suit otherwise terminated. Section 24 of the act, supra, authorizes the Custodian to make payment of certain expenses incurred as therein provided, notwithstanding the fact that a claim may have been filed or suit instituted under the act.

By this legislation Congress fully recognized the self-evident fact that mistakes would be made by the Custodian in the administration of the law and that the property of innocent parties would be seized, and it was manifestly the intention of Congress to give the injured party a full, complete, and adequate remedy for the recovery of his property in all such cases. Speaking of this remedy, in Stoehr v. Wallace, 255 U. S. 239, 246, 41 S. Ct. 293, 296 (65 L. Ed. 604), the court said:

"On the contrary, it distinctly reserves to any claimant who is neither an enemy nor an ally of an enemy a right to assert and establish his claim by a suit in equity unembarrassed by the precedent executive determination. Not only so, but pending the suit, which the claimant may bring as promptly after the seizure as he chooses, the property is to be retained by the Custodian to abide the result and, if the claimant prevails, is to be forthwith returned to him. Thus there is provision for the return of property mistakenly sequestered; and we have no hesitation in pronouncing it adequate, for it enables the claimant, as of right, to obtain a

full hearing on his claim in a court having power to enforce it if found meritorious."

If the Custodian is authorized to make the deductions here complained of, the remedy of the injured party is not complete and adequate. An innocent party is deprived of the use of his property by the acts of the government until the termination of a suit to recover it, and to then deduct the expenses incurred by the Department of Justice in an unsuccessful defense against the claim would work a grave injustice, such as Congress never intended. Nor is this a just and reasonable construction of the statute. Expenses incurred in resisting the former appeal were not incurred by the Custodian, or by any depositary for him, in securing the possession, collection or control of the money or property, and it seems equally manifest that they were not incurred in protecting or administering the same. Every statute should be so construed as to avoid inequality or injustice, if it admits of another reasonable interpretation, or, as said by the court in Knowlton v. Moore, 178 U. S. 41–77, 20 S. Ct. 747, 761 (44 L. Ed. 969):

"We are, therefore, bound to give heed to the rule, that where a particular construction of a statute will occasion great inconvenience or produce inequality and injustice, that view is to be avoided if another and more reasonable interpretation is present in the statute."

For these reasons, we are convinced that the deductions made by the Custodian were not authorized by law.

But the appellee contends that the deductions have already been made, rightfully or wrongfully, and that, the funds having passed beyond the control of the Custodian, the courts are powerless to grant relief. But this question does not arise on the present record. The statute makes it the duty of the Custodian to retain the money and property to abide the judgment of the court, except as to the limited expenditures authorized by section 24, and until some showing is made to the contrary the courts must presume that he has discharged that duty. The contrary does not appear from the affidavit filed by the appellant, and this constitutes the complete record on this appeal. What the result will be, should it later appear on the final hearing that the Custodian is powerless to further comply with the decree of the court, we need not now determine.

The order is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.